1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   ALFREDO JOSE GARCIA,                    No.  1:24-cv-01227-SAB (PC)

12            Plaintiff,                      ORDER TO SHOW CAUSE WHY ACTION
                                             SHOULD NOT BE DISMISSED FOR
13       v.                                   FAILURE TO EXHAUST
                                             ADMINISTRATIVE REMEDIES PRIOR TO
14   CALIFORNIA DEPARTMENT OF                 FILING ACTION
     CORRECTIONS AND
15   REHABILITATION, et al.,                  (ECF No. 1)

16            Defendants.

17

18       Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

19   U.S.C. § 1983.

20       Currently before the Court is Plaintiff's complaint, filed September 19, 2024.

21                                           **I.**

22                              **SCREENING REQUIREMENT**

23       The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

27   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B);

28

                                              1

1  see also 28 U.S.C. § 1915A(b).

2       A complaint must contain "a short and plain statement of the claim showing that the pleader

3  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

6  550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally

7  participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

8  2002).

9        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that

13  each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S.

14  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted

15  unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability"

16  falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

17                                        **II.**

18                          **SUMMARY OF ALLEGATIONS**

19       The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the

20  screening requirement under 28 U.S.C. § 1915.

21        Prison officials at North Kern State Prison has subjected Plaintiff to cruel and unusual

22  punishment by the use of excessive force outside the scope of their authority.

23        On August 18, 2024, Defendants E. Torres and J. Arellano, went to Plaintiff's bed area,

24  while Defendant #2 was running the unit and asked Plaintiff to "cuff up."  Plaintiff complied after

25  the third request.  On the way outside the facility halfway from the bed area, Plaintiff had an

26  anxiety attack and froze with sudden fear because he remembered rumors about correctional

27  officers at this facility who were known to victimize inmates and fabricate disciplinary reports.

28  They pushed Plaintiff forward once at the exit door while one foot was inside and the other foot

2

was outside.  Defendants G. Lopez Contreras and Torres slammed Plaintiff to the ground shoulder first and an unknown officer grabbed Plaintiff's head and slammed it on the ground shattering Plaintiff's eye socket and cutting his eyebrow.  Plaintiff was bleeding profusely and was subsequently kicked in the face by another unknown officer that G. Lopez Contreras called. Plaintiff blacked out and was in and out of consciousness from all the blows to his head.  Plaintiff begged the officers to stop hitting him, to no avail.

Plaintiff then heard a female voice say in Spanish "Ya Dejalo" and they immediately stopped and examined Plaintiff's body as if they were inspecting a work of art.  They subsequently grabbed Plaintiff and dragged him slamming his head into the metal framing of the cell all while handcuffed.  The officers did not offer Plaintiff any medical attention.  However, Plaintiff was later taken to an outside hospital.

On the way to the hospital, two unidentified officers approached Plaintiff and stated, "so you fell down the stairs doing cartwheels drunk and under the influence of drugs right?"  In fear of retaliation, Plaintiff went along with them and lied to the hospital doctor about how he sustained his injuries.  The doctor was in disbelief and angry at the two officers, possibly because he knew from his experience that it was a lie.  The doctor ran a toxicology and took 18 tubes of blood and nothing was positive.  Plaintiff then fell asleep and an hour or two later he woke up and the two officers were being friendly to Plaintiff.  When they arrived back at the prison, one of the two unidentified officers reminded Plaintiff to stick to the same story and lie about being drunk and/or on drugs.  Plaintiff agreed with the officer and was then placed in a cold tiny metal cage overnight.  When Plaintiff was sent back to the unit he discovered that he lost his job. Approximately three days later, the captain was walking through the unit and other inmates convinced Plaintiff to show her his face and tell his story which was recorded by Mr. Forest. Plaintiff was then sent from C-yard to D-yard, which is a higher level security unit.

### III.

### DISCUSSION

### A.    Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a civil rights claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. Booth v. Churner, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. Woodford, 548 U.S. at 93.  A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. Jones v. Bock, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at 218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

The California prison grievance system has two levels of review. Cal. Code Regs. tit. 15, §§ 3483, 3485. "Completion of the review process by the Institutional or Regional Office of Grievances resulting in a decision of 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(8) through (g)(10) of [ ] section [3483] does constitute exhaustion of all administrative remedies available to a claimant within the department." Cal. Code Regs. tit. 15, § 3483(l)(2). Additionally, "[c]ompletion of the review process by the Office of Appeals resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(1) through (g)(3) and (g)(8) through (g)(10) of [ ] section 3485 constitutes exhaustion of all administrative remedies available to a claimant within the department." Cal. Code Regs. tit. 15, § 3485(l)(1).

1     However, "[c]ompletion of the review process by the Institutional or Regional Office of

2     Grievances resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'redirected,'

3     'reassigned,' or 'rejected' in accordance with subsections (g)(1) through (g)(6) of [ ] section

4     [3483] does not constitute exhaustion of all administrative remedies available to a claimant within

5     the department. Nor does completion of the review process resulting in a 'disallowed' decision in

6     accordance with subsection (g)(7) of this section...." Cal. Code Regs. tit. 15, § 3483(l)(1).

7     Additionally, "[c]ompletion of the review process by the Office of Appeals resulting in a decision

8     to 'redirect,' 'reassign,' or 'reject' a claim in accordance with subsections (g)(4) through (g)(6) of

9     [ ] section [3485] does not constitute exhaustion of all administrative remedies available to a

10    claimant within the department. Nor does completion of the review process resulting in a

11    'disallowed' decision in accordance with subsection (g)(7) of this section...." Cal. Code Regs. tit.

12    15, § 3485(l)(2).

13         On the form complaint, Plaintiff states that he never received a response between August

14    25 and September 2, 2024.  If Plaintiff filed his appeals on these dates than it is highly unlikely

15    that he exhausted the administrative remedies prior to filing suit since the complaint was filed on

16    September 16, 2024-just days thereafter.  If Plaintiff did not exhaust the administrative remedies,

17    the proper remedy is to dismiss the action without prejudice to refiling after exhaustion of the

18    administrative remedies is complaint.  Because Plaintiff's response to whether he exhausted the

19    administrative remedies is unclear, the Court will grant Plaintiff the opportunity to show cause

20    why the action should not be summarily dismissed for failure to exhaust the administrative

21    remedies.  Plaintiff is warned that if he commenced this action before exhausting his

22    administrative remedies, a dismissal on this basis counts as a strike under 1915(g). El-Shaddai v.

23    Zamora, 833 F.3d 1036, 1043–44 (9th Cir. 2016); see also Richey v. Dahne, 807 F.3d 1202, 1208

24    (9th Cir. 2015) (dismissals for failure to exhaust available administrative remedies generally do

25    not count as "strikes" unless the failure to exhaust is clear on the face of the complaint.)

26    Alternatively, to avoid a strike, and because no Defendant has yet been served, Plaintiff may elect

27    to file a notice to voluntarily dismiss this claim without prejudice under Fed. R. Civ. P. 41.

28    Plaintiff may then refile a new complaint in a new action after he fully exhausts his administrative

remedies. Failure to respond to this order will result in the recommendation that this action be dismissed.

## II.

## ORDER

Accordingly, it is HEREBY ORDERED:

1.    Within **thirty (30)** days of service of this order, Plaintiff shall show cause why this action should not be dismissed for his failure to exhaust his administrative remedies before filing suit or may file a notice of voluntarily dismissal under Fed. R. Civ. P. 41; and

2.    Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for failure to comply with a court order or prosecute this action.

IT IS SO ORDERED.

Dated:   __**November 22, 2024**__

STANLEY A. BOONE
United States Magistrate Judge

6