UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO JOSE GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-01227-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 13) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on September 19, 2024. On November 22, 2024, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to exhaust the administrative remedies. (ECF No. 13.) Plaintiff has failed to respond to the order to show cause and the time to do so has passed.

**I.**

**DISCUSSION**

**A.　Exhaustion of Administrative Remedies**

Courts may dismiss a claim if failure to exhaust is clear on the face of the complaint.

1

Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). The Prison Litigation Reform Act of 1995 requires:

> No action shall be brought with respect to prison conditions under section 12983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 635 (2016). The availability of administrative remedies must be assessed at the time the prisoner filed his action. See Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017); see also Saddozai v. Davis, 35 F.4th 705 (9th Cir. 2022) (noting a plaintiff could supplement, or amend his or her complaint after he or she exhausts his administrative remedies).

The exhaustion procedures set forth by the California Department of Correction and Rehabilitation ("CDCR") requires an inmate to proceed through three formal levels of review unless otherwise excused under the regulation to exhaust available remedies. Cal. Code Regs. tit. 15 § 3480-3486.3 (2002).

As stated in the order to show cause, on the form complaint, Plaintiff states that he never received a response between August 25 and September 2, 2024.  If Plaintiff filed his appeals on these dates than it is highly unlikely that he exhausted the administrative remedies prior to filing suit since the complaint was filed on September 16, 2024-just days thereafter.  If Plaintiff did not exhaust the administrative remedies, the proper remedy is to dismiss the action without prejudice to refiling after exhaustion of the administrative remedies is complaint.  Because Plaintiff's response to whether he exhausted the administrative remedies is unclear, the Court granted Plaintiff the opportunity to show cause why the action should not be summarily dismissed for failure to exhaust the administrative remedies; however, Plaintiff failed to respond to the order and based on the face of the complaint he has not exhausted the administrative remedies.  If a court concludes that a prisoner failed to exhaust her available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice. See Jones v. Bock, 549 U.S. 199, 223-24 (2007); Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Thus, this action should be dismissed due to Plaintiff's failure to exhaust administrative remedies fully and properly before initiating this lawsuit. See Albino, 747 F.3d at 1166 (noting a court can also

dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint.").

### B. Failure to prosecute and/or comply with the Courts order

In the alternative, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court ... to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, the court must consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because the district court did not make finding as to each); but see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court need not make explicit findings as to each) (emphasis added); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted. The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the

3

1   Court's need to efficiently manage its docket cannot be overstated.  Given Plaintiff has failed to
2   respond to the order to show cause, the Court's time is better spent on other matters than
3   needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have
4   time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our
5   courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in
6   affirmance of district court's involuntary dismissal with prejudice of habeas petition where
7   petitioner failed to timely respond to court order and noting "the weight of the docket-managing
8   factor depends upon the size and load of the docket, and those in the best position to know what
9   that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that
10  evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice
11  a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968).
12  The instant dismissal is a dismissal without prejudice, which is a lesser sanction than a dismissal
13  with prejudice, thereby addressing the fifth factor.
14       In sum, this case cannot linger indefinitely on this Court's already overburdened docket. A
15  dismissal of this action for failure to prosecute and failure to comply with court orders is in
16  accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears
17  Plaintiff has abandoned this action, or  has decided to focus on exhausting his administrative
18  remedies with the CDCR.  Nonetheless, Plaintiff's failure to respond to the Court's Order
19  warrants the sanction of dismissal without prejudice under the circumstances.

## II.

## ORDER AND RECOMMENDATIONS

22      Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge
23  to this case.
24      Further, it is RECOMMENDED that:
25      1. This case be dismissed without prejudice for Plaintiff's failure to exhaust her
26  administrative remedies before initiating the instant action.
27      2. The case be dismissed without prejudice for prosecute this action and/or comply with
28  the Court's order under Fed. R. Civ. P. 41 and Local Rule 110.

4

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **January 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge